Kennedy, Jr
On or about the 11th day of June, 1885, Matilda Winsor died intestate, at the city of Syracuse, leaving her surviving the several petitioners her heirs-at-law, and leaving-personal estate, consisting among'other things of five bonds, issued by the city of Oswego, of $500 each, bearing interest; cash in the First National Bank of Syracuse, $741.67, for which she held a certificate of .deposit, together with certain promissory notes.
On the 7th day of December, 1885, the petitioner, Prosper D. Mumford, was duly appointed administrator of the goods, chattels and effects of said decedent by the surrogate of the county of Onqndaga, and he accepted the trust. At the time he was so appointed he held the said bonds, ■ certificate of deposit and notes in trust for the said heirs-at-law, they or their proceeds to be divided between them, upon the final settlement of the estate. ' ,
In order to secure Dow, Short & Co., for signing his bond as administrator, he placed in' their hands, they at that time being individual bankers, doing business at the city of Syracuse, the said city bonds, certificate and notes in performance of an agreement entered into between them to the effect that if Hezikiah F. Dow and Henry W. Short, two of the members of the firm or partnership of Dow, Short & Co., would sign his bond, as sureties, as such administrator, he, said Mumford, would place in their said banking house said city bonds, certificate and notes to be held by them as security for any liability they might incur by reason thereof, and for a division of the same among said heirs-at-law, and for no other purpose, and that they as compensation should receive one half of the fees he, Mumford, would become entitled to as such administrator.
On or prior to December 22d, 1885, the said firm'of Dow, Short & Co., without the knowledge or consent of the said Mum *305 ford, appropriated the said bonds or tbeir proceeds, together with the money received by them on said certificate, to pay debts owing by the firm to the Robert Gere Bank and the Market National Bank of New York.
At the time said Dow, Short & Co., received said money, it was insolvent, and the said Dow and Short knew that fact, and immediately thereafter made a general assignment for the benefit of their creditors, to Charles G. Baldwin, of Syracuse.
The Mumford notes were received by Baldwin as assignee and upon demand were by him surrendered and delivered up to him, Mumford. The Oswego city bonds or the proceeds of them or the money collected on the certificate did not nor did any part thereof come into the possession of Baldwin, as assignee.
Out of the assets which were received by him the assignee has collected the sum of $84,128.16, and he has disbursed in execution of the trust in dividends paid to creditors, etc., $28,827.-27, leaving in his hands at the present time $5,800.88.
The petitioners now ask an order of this court that said assignee out of said sum pay to the petitioners or to said Mumford as administrator, the amount received by Dow, Short & Co., for said city bonds and the money collected on the certificate of deposit, which the referee to whom the question was referred found to be principal $3,394.41, interest $169.72; total $3,564.-13; upon the ground that the same was a trust fund held in trust by Dow, Short & Co., for the petitioners, and that the estate was secured by the assignee cumbered with an equitable lien thereon therefor.
I had doubts upon the argument whether the property of the assignors, Dow, Short & Co., in the hands of the assignee, being a trustee of their own selection, and not an officer of the court, could be regarded as in custodia legis, so as to give this court power to determine the question presented by the petitioners in this summary manner. The counsel for the assignee concedes the jurisdiction of the court in this proceeding. It may be questionable if this will confer it, if in fact the same does not exist. While the assignee is not strictly an officer of the court, he is nevertheless subject in all matters relating to the assigned estate to the order and direction of the court or a judge thereof. (Secs. 20 and 25 of chap. 466 of Laws of 1877. The general tenor and entire scope of the insolvent law tends to this conclusion. Chap. 380, of Laws 1885.) I am therefore disposed to hold that for the purpose of this application this court has jurisdiction and may upon this application dispose of this question.
The principle is elementary that a trust fund improperly diverted may be followed into the hands of any one who shall receive it, except in good faith and bona fide and reclaimed by the beneficiare he may also follow, and return to the estate the pro *306 ceeds, so long as tbe same can be traced; tbe trnst character being imposed upon them as well as the original estate.
Another principle is recognized as attaching to a trust estate in favor of the beneficiary, and that is where the holder haying the same in custody for a lawful purpose, in harmony with the proper execution of the trust, shall unlawfully appropriate the same to his own use and benefit, and he thereby enhances the amount and value of his estate, the amount of the trust estate thus converted becomes an equitable lien upon the entire estate of the wrong doer valid, and which may be enforced against anyone holding such estate, except he be a bona fide purchaser or transferee thereof. People v. Bank of Dansville, 39 Hun, 187; McColl v. Fraser, 40 Hun, 111.
The fund in question in the hands of Dow, Short & Co., was ¡a trust estate held by that firm by its unlawful appropriation the property and assets of the firm; was enhanced to that amount, and the estate in the hands of the assignee was increased to that extent. By the payment of the debts and the discharge of the liabilities of the partnership and although no part of the money or securities comprising the trust estate came into the possession of the assignee, the entire estate passing to him was charged with an equitable lien in behalf of the beneficiaries, for the trust estate thus wrongfully converted by his assignors, and he received the same burdened with such lien.
If right in the above conclusions, it follows that the petitioners are entitled to be paid out of the estate of the wrong doers in the hands of the assignee, the amount of the money or property misappropriated, and converted before the payment of the general creditors of the assignors.
An order will therefore be entered requiring Charles G. Baldwin, the assignee of Dow, Short & Co., to pay to Prosper D. Mumford, as administrator of the estate of Matilda Windsor, deceased, the sum of $3,564.13, being the amount of the trust estate converted by Dow, Short & Co., with $10 costs of this motion, together with the disbursements out of any money or property in his custody as assignee and received by him as such from said Dow, Short & Co.